Appeal (1) from an order of the Supreme Court at Special Term, entered December 6, 1946, in New York County, which denied a motion by defendants for an order directing the issuance of a commission to take the deposition of Arnold Gingrich as a witness on behalf of defendants, and (2) from so much of an order of said court entered January 2, 1947, in New York County, as ordered that defendant Esquire, Inc., produce Arnold Gingrich for examination before trial on certain items, not less than five days before the commencement of the trial.

Per Curiam.

The complaint and bill of particulars allege an oral agreement between plaintiff and defendant Esquire, Inc., whereby plaintiff was to be paid $250,000 for submitting and disclosing to Esquire, Inc., certain original plans and ideas conceived by him for the promotion and advancement of the reputation and circulation of its published magazine. The representative of defendant Esquire, Inc., with whom this agreement is claimed to have been made is one Arnold Gingrich, now living in Switzerland. Plaintiff obtained a Special Term order to take the deposition of defendant Esquire, Inc., on September 19, 1948, in New York County as an adverse party by said Arnold Gingrich as its representative. Said order provided: “ If on that date Arnold Gingrich is not in the United States, the examination shall proceed on such other and further dates as may be fixed by the Court or by agreement of the parties hereto.” Gingrich did not come to the United States and no subsequent date was fixed by agreement of the parties.
Thereafter, defendants, desiring to take the testimony of Gingrich on their own account, moved for an order directing the issuance of a commission to take his testimony as a witness on behalf of defendant Esquire, Inc., in Switzerland upon written interrogatories. Plaintiff made a cross motion for an order directing defendant Esquire, Inc., to produce the said Arnold Gingrich for examination before trial in New York County in accordance with the previous order to take his deposition as an adverse party. Special Term by one order appealed from denied defendant’s motion for the issuance of a commission to take his deposition in Switzerland as a witness on account of his nonappearance in New York County to be examined as an adverse party, and by the other order appealed from granted plaintiff’s cross motion to the extant of directing defendant Esquire, Inc., to produce Arnold Gingrich for such examination of Esquire, Inc., as an adverse party in New York County not less than five days before the commencement of the trial.
These orders are modified so as to authorize the issuance of an open commission at the instance of defendants to the United States Consul at Geneva, Switzerland, to take the deposition before trial of Arnold Gingrich as a witness on oral questions and answers, provided that defendants shall be prepared to conduct said examination within six weeks from the date of entry of the order to be entered hereon and provided further that defendants shall defray plaintiff’s necessary and proper expenses not exceeding $3,000 to go to Switzerland with his attorney in order to participate in the conduct of said oral examination if he so elects. Plaintiff shaft be entitled to haYe said *956 deposition, or such portions thereof as he shall select, regarded as being taken also pursuant to the order for his examination of defendant Esquire, Inc., as an adverse party. Defendants may at their option produce said Arnold Gingrich in New York County for such examination before trial at Special Term, Part II, of the Supreme Court within four weeks from the date of entry of the order to be entered hereon in lieu of his deposition being taken in Switzerland.
Martin, P. J., Glennon, Dore, Cohn .and Van Yoorhis, JJ., concur.
Order entered December 6, 1946, and order entered January 2, 1947, so far as appealed from, unanimously modified in accordance with opinion. Settle ' order on notice. [See 272 App. Div. 757.]